FILED
SUPERIOR COURT
OF GUAM

2024 JUN 18 PH 4: 29

CLERK OF COURT

BY:_____ 8m_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSALINDA IGNACIO M. BURKHART,<br><br>Plaintiff,<br><br>vs.<br><br>ROLAND R. MIRANDA, RITA T. MIRANDA, GUAM HOUSING CORPORATION and UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>Defendants. | CIVIL CASE NO. CV0492-09<br><br><br>DECISION AND ORDER RE MOTION TO SUBSTITUTE, MOTION TO DISMISS, AND MOTION FOR JUDGMENT ON THE PLEADINGS |
| DEAL ESTATE, INC.<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>ROLAND R. MIRANDA, RITA T. MIRANDA, STEPHEN H. PEREZ PANGELINAN, AND AYUMU HOSODA PANGELINAN,<br><br>Defendants. | |

This matter came before the Honorable Dana A. Gutierrez on March 7, 2024 upon three motions: (1) Motion to Substitute Party or in the Alternative Voluntary Dismissal of Original Plaintiff's Complaint and Summary Judgment as to Counterclaim Against Original Plaintiff ("Motion to Substitute"); (2) Motion to Dismiss for Failure to Prosecute ("Motion to Dismiss" or "MTD"); and (3) Motion for Judgment on the Pleadings Pursuant to Rule 12(c) ("Motion for Judgment on the

Pleadings" or "MJP"). Present at the hearing was Attorney Seth Forman representing Plaintiff Rosalinda Ignacio M. Burkhart ("Burkhart"); Attorney Anita P. Arriola representing Plaintiff-Intervenor Deal Estate, Inc. ("Deal Estate"); and Defendant Roland R. Miranda ("Roland") with counsel Attorney Joshua D. Walsh. Upon review of the arguments and applicable Guam law, the Court hereby issues the following Decision and Order.

## BACKGROUND

This matter stems from a dispute between family members over the title to real property described as Lot Number 12, Block Number 2, Estate Number 12008, Suburban, Subdivision of Tract 85 in Piti, Guam ("Property"). The Property is registered land which was once registered to Raymond C. Miranda and Jesusa L. Miranda ("Jesusa"), husband and wife, as joint tenants. In January 1980, Raymond C. Miranda quitclaimed his interest in the Property to his wife Jesusa, and shortly thereafter the couple divorced.

In April 1987, Jesusa executed a general power of attorney to Raymond I. Miranda, Jr. ("Raymond Jr."). Four years later, Raymond Jr. executed a warranty deed granting the Property to Jesusa's other son, Roland. In August 2007, Jesusa executed a deed of gift for the Property in favor of her daughter, Burkhart.

On March 20, 2009, Burkhart filed her Complaint ("Burkhart's Complaint") through her former counsel, Attorney Ron Moroni.[1] Burkhart sought, in part, quiet title to the Property and to eject the Mirandas, who were living on the Property. The matter was assigned to the Honorable

---

[1] Roland and Rita Miranda are the only defendants remaining named in Burkhart's Complaint. On April 29, 2009, Plaintiff Rosalinda Ignacio M. Burkhart filed a Disclaimer and Stipulation of Dismissal, stating that she and Defendant Guam Housing Corporation agree to dismiss the action against Guam Housing Corporation, and the stipulation was signed by Guam Housing Corporation's counsel, Burkhart's counsel, and the Honorable Michael J. Bordallo. Additionally, on September 24, 2009, at the Plaintiff's request, Judge Bordallo issued an Order Dismissing Without Prejudice All Claims Against the United States Small Business Administration.

Michael J. Bordallo. On April 21, 2009, the Mirandas, through their former counsel Attorney James M. Maher, filed their Answer to Burkhart's Complaint and Counterclaims ("Counterclaim"). In their Counterclaim, the Mirandas name two causes of action: (1) constructive trust and (2) reformation.

On October 27, 2009, the Mirandas filed a Motion for Summary Judgment. On February 10, 2010, Burkhart filed a Motion for Partial Summary Judgment. On August 31, 2010, Judge Bordallo issued a Decision and Order denying Burkhart's Motion for Partial Summary Judgment and granting the Mirandas' Motion for Summary Judgment. Judge Bordallo found that the Mirandas had a superior claim over Burkhart to the Property.

On November 10, 2010, the Mirandas filed a Motion for Summary Judgment, moving the trial court to void the Deed of Gift from Jesusa to Burkhart, to reform the warranty deed from Raymond Jr. to Roland, and to quiet title in favor of the Mirandas. On May 6, 2011, Judge Bordallo issued a Decision and Order granting their Motion for Summary Judgment. On June 22, 2011, Judge Bordallo issued a Judgment, stating that the Mirandas own the Property in fee simple absolute. Burkhart appealed.

On March 1, 2013, the Supreme Court of Guam issued an Opinion ("Opinion"), *Burkhart v. Miranda,* 2013 Guam 2, reversing Judge Bordallo's Decision and Orders granting summary judgment in favor of the Mirandas and remanding the matter for further proceedings. *Burkhart,* 2013 Guam 2 ¶ 32. The Supreme Court held:

> The trial court committed reversible error when it granted summary judgment to [the Mirandas] dismissing [Burkhart's] complaint and when it reformed the deed in their favor. We hold that the deed is void for failure to comply with 21 GCA § 4105. Although the deed is clearly void, the trial court must still determine whether an agreement existed to transfer the property to Roland and Rita. The effective start date for the running of any statute of limitations period shall be the date of this opinion.

*Id.* at ¶ 31.

3

In its Opinion, the Supreme Court explained that the Mirandas' deed was void for improper execution because it did not provide that Raymond Jr. was acting as attorney-in-fact for Jesusa, and therefore the Mirandas' argument for reformation was irrelevant because void agreements cannot be reformed. *Id.* at ¶ 23. Nevertheless, Roland maintained that Jesusa agreed to transfer the Property to Roland, and that he and Rita obtained a loan from the Guam Housing Corporation, satisfied the existing mortgage on the land, and remitted approximately $15,000.00 to Jesusa. *Id.* at ¶ 5. Accordingly, the Supreme Court stated that the deed was not immaterial because it "may still provide evidence of an agreement by Jesusa or her duly appointed attorney-in-fact to convey the property to Roland." *Id.* at ¶ 24.

The Supreme Court noted that, "in ascertaining on remand whether there was an agreement to transfer the property, both parties still may possess avenues in which to obtain the relief they seek." *Id.* Thus, the Supreme Court remanded the matter to the trial court to determine whether Jesusa and the Mirandas entered into an agreement for Jesusa to transfer the property to the Mirandas.

When the Supreme Court issued its Opinion, the Mirandas remained represented by Attorney Maher. However, on February 12, 2014, the Mirandas filed a Substitution of Party in Propria Personam, ("Substitution of Party") indicating that they "discharge" Attorney Maher and substitute themselves *pro se*.

The trial court set a Status hearing for December 17, 2014. The Notice of Hearing was addressed to Attorney Maher and Burkhart, *pro se*. Although there is no record that Attorney Moroni withdrew in this matter, Burkhart was present at the hearing with Attorney Robert L. Keogh, who explained that he was not able to locate Attorney Moroni's file, but that he told Burkhart he would

appear at the hearing to determine the status of the case. Min. Entry, 9:19 AM (Dec. 17, 2014).[2] No one appeared on behalf of the Mirandas. At the hearing, Judge Bordallo noted that he had not received the Supreme Court's Mandate, and stated that, "nothing has been done for eighteen months. You have to decide what you are going to do, Mr. Keogh." *Id.* at 9:21 AM. Attorney Keogh asked for additional time to review the matter, which Judge Bordallo granted. However, nothing was filed in this matter for the next approximately eighteen months.

On June 7, 2016, then-Attorney John C. Terlaje[3] filed his Entry of Appearance on behalf of Burkhart and requested a Status hearing. The Court set a Status hearing for July 12, 2016. Present at that hearing was Attorney Terlaje for Burkhart.[4] It is not clear based on the record whether the notice of that Status hearing was served on the Mirandas, but the Mirandas were not present at the hearing. At the hearing, Judge Bordallo stated that he would await further filings. *Id.* at 9:08 AM.

On July 28, 2016, Burkhart filed a Substitution of Counsel, indicating that she would substitute herself *pro se* as attorney of record in place of Attorney Terlaje. Nothing was filed in the case from July 2017 until October 21, 2019, when Attorney Terlaje filed a Motion for Status Hearing on behalf of Burkhart.[5] On December 6, 2019, Attorney Terlaje also filed an Amended Declaration of Service, stating that Roland was personally served with the Motion for Status Hearing on November 22, 2019.

---

[2] There is no record that Attorney Keogh filed an entry of appearance in this matter.

[3] The Honorable John C. Terlaje is now a Judge in the Superior Court of Guam.

[4] Attorney Thomas Fisher was also present at the hearing to represent Guam Housing Corporation, but Attorney Fisher stated that he did not believe Guam Housing Corporation had an interest in the Property. Additionally, Attorney Maher was in the courtroom at the hearing, although his name is not indicated as present for this matter on the Minute Entry sheet. When Judge Bordallo stated that Attorney Maher had withdrawn from this matter, Attorney Maher confirmed that he "used to represent the Mirandas." 9:07 AM (July 12, 2016).

[5] Despite the fact that Attorney Terlaje previously filed a Substitution of Counsel which was approved by Judge Bordallo, Attorney Terlaje again appeared on behalf of Burkhart.

The Court set the Status hearing for December 23, 2019. On December 20, 2019, a Declaration of Service was filed reflecting that the Notice of Hearing was personally served on Roland. The Mirandas did not appear at the hearing, but Attorney Terlaje appeared representing Burkhart. Attorney Terlaje raised that the Supreme Court of Guam held that the statute of limitations began to run in this matter in 2013, and therefore because it had been six years since the Supreme Court issued its Opinion, the statute of limitations had expired. Min. Entry, 1:35 PM (Dec. 23, 2019). Judge Bordallo responded, "if you're saying you're entitled to summary judgment based on that, file it so that [the parties] can respond." *Id.* at 1:36 PM.

On December 29, 2022, Burkhart filed a Substitution of Counsel, which stated that Stephen Pangelinan substitutes himself, *pro se,* in place of Attorney Terlaje. The document was signed by Stephen Pangelinan on behalf of Burkhart.

The case was reassigned to this Court on January 23, 2023, and the Court issued a Notice of Status Hearing for February 15, 2023. On February 9, 2023, Attorney Walsh entered his appearance on behalf of the Mirandas.

Present at the February 15, 2023 Status hearing was the Mirandas with counsel Attorney Walsh and Attorney Terlaje representing Burkhart. At the hearing, the Court inquired who Stephen Pangelinan is and why he was signing documents on behalf of Burkhart. Attorney Terlaje stated that Stephen Pangelinan is Burkhart's son, and that Burkhart is deceased. Min. Entry, 9:17 AM (Feb. 15, 2023). The Court raised concerns regarding whether this substitution was proper but allowed the parties time to file any relevant filings.

On February 24, 2023, Burkhart filed a Substitution of Counsel signed by Burkhart on February 22, 2023 stating that she substitutes herself, *pro se,* for Attorney Terlaje. Although Attorney Terlaje previously represented to the Court that Burkhart was deceased, as noted, she later signed the

Substitution of Counsel. On May 12, 2023, Attorney Seth Forman entered his appearance on behalf of Burkhart.

Deal Estate filed a Motion to Intervene on April 5, 2023, and Burkhart and the Mirandas filed non-oppositions to the Motion. Thus, with leave of Court, Deal Estate filed its Verified Complaint in Intervention ("Deal Estate's Complaint") on June 27, 2023. In it, Deal Estate alleges that it purchased and now owns the Property. Deal Estate prays for, *inter alia,* (1) Quiet Title to the Property; and (2) Declaratory Judgment that Deal Estate owns the Property free and clear of all liens, claims of interest, and encumbrances, in fee simple, and that it is a bona fide purchaser of the Property, for value. Deal Estate's Complaint at 7. On July 27, 2023, the Mirandas filed their Verified Answer to Deal Estate's Complaint.

On October 19, 2023, Burkhart filed her Motion to Substitute,[6] moving the Court to substitute Deal Estate as plaintiff in place of Burkhart. On November 15, 2023, the Mirandas filed their Opposition to Burkhart's Motion to Substitute. Deal Estate filed its Non-Opposition to Burkhart's Motion to Substitute on November 16, 2023. Burkhart filed her Reply in Support of Motion to Substitute on November 30, 2023.

On November 30, 2023, Burkhart also filed her Motion to Dismiss, moving the Court to dismiss the Mirandas' Counterclaim for failure to prosecute. Burkhart notes in her Motion to Dismiss that if her Motion to Substitute is granted, then her Motion to Dismiss will be moot. MTD at 2. On December 1, 2023, Deal Estate filed its Motion for Judgment on the Pleadings, which Burkhart joined. Deal Estate filed its Non-opposition to Burkhart's Motion to Dismiss on December 6, 2023. On

---

[6] In her Reply in Support of Motion to Substitute, Burkhart stated that she "withdraws the alternative motion while reserving the right to bring subsequent dispositive motions if the motion to substitute is denied." Reply at 2. At the Motion hearing, Burkhart confirmed that she withdrew her motion for summary judgment as an alternative to her Motion to Substitute. Min. Entry, 10:01 AM (March 7, 2024).

January 9, 2023, the Mirandas filed their Omnibus Opposition to (1) Deal Estate's Motion for Judgment on the Pleadings and (2) Burkhart's Motion to Dismiss.[7] On January 19, 2024, Burkhart filed her Reply in Support of Motion to Dismiss ("Reply MTD"). On January 24, 2024, Deal Estate filed its Reply in Support of Motion for Judgment on the Pleadings.

For the sake of judicial efficiency, the Court heard the three motions—Motion to Substitute, Motion to Dismiss, and Motion for Judgment on the Pleadings—together on March 7, 2024.

## DISCUSSION

### 1.     The Mirandas' Counterclaim Is Dismissed for Failure to Prosecute

Burkhart moves the Court to dismiss the Mirandas' Counterclaim for failure to prosecute under Guam Rules of Civil Procedure ("GRCP") Rule 41(b) and 41(c). MTD at 1.

GRCP Rule 41(b) states, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." GRCP Rule 41(c) states that the provisions of GRCP Rule 41 apply to counterclaims. Consequently, if warranted, the Court has the authority to dismiss the Mirandas' Counterclaim due to failure to prosecute.

In *Santos v. Carney,* 1997 Guam 4, the Supreme Court of Guam adopted the Ninth Circuit's five-factor test, which are hereinafter referred to as the *"Santos* factors," to determine whether dismissal pursuant to a GRCP Rule 41(b) motion to dismiss for failure to prosecute is appropriate. The *Santos* factors are:

1. The public's interest in expeditious resolution of litigation;

---

[7] The Omnibus Opposition is titled "Omnibus Opposition to (1) Plaintiff-Intervenor Deal Estate, Inc.'s Motion for Judgment on the Pleadings Pursuant to Rule 12(c); (2) Plaintiffs Rosalinda Burkhart's Motion to Substitute Party or in the Alternative Voluntary Dismissal of Original Plaintiff's Complaint and Summary Judgment as to Counterclaim Against Original Plaintiff." However, Walsh explained at the Motion hearing that the title was an error, and that in fact it is an opposition to Deal Estate's Motion for Judgment on the Pleadings and Burkhart's Motion to Dismiss.

2. The court's need to manage its docket,
3. The risk of prejudice to the [moving party][8];
4. The public policy favoring the disposition of cases on their merits; and
5. The availability of less drastic sanctions.

*Santos,* 1997 Guam 4 ¶ 5. "Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal." *Lujan v. McCreadie,* 2014 Guam 19 ¶ 24 (quoting *Park v. Kawashima,* 2010 Guam 10 ¶ 10).

### A. *Santos* Factors #1 and #2: The Public's Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket

The first two *Santos* factors—the public's interest in expeditious resolution of litigation and the court's need to manage its docket—should be evaluated in conjunction with one another because they serve similar goals. *E.g., Guam Econ. Dev. Auth. v. Affordable Home Builders. Inc.,* 2013 Guam 12 ¶ 29; *McCreadie,* 2014 Guam 19 ¶ 8.

The Supreme Court of Guam has noted that a trial court should refrain from dismissing a case when the delay is reasonable. *Affordable Home Builders,* 2013 Guam 12 ¶ 13. "A delay is unreasonable if there is a significant period of total inactivity by the [claimant], the [claimant] fails to adhere to repeated warnings that a dismissal will result from continued failure to proceed, or the [claimant] fails to obey court rules and court orders." *Id.* at ¶ 14 (citing *Edwards v. Harris Cnty. Sheriff's Dep't,* 864 F.Supp. 633, 637 (S.D.Tex.1994)). The burden is on the claimant to show the delay is reasonable. *Kawashima,* 2010 Guam 10 ¶ 11. However, a lengthy delay does not warrant dismissal if the claimant has been pursuing her case diligently. *Affordable Home Builders,* 2013 Guam 12 ¶ 19. The trial court has deference to determine the reasonableness of the delay. *Id.* at ¶ 25.

---

[8] In *Santos,* the Supreme Court addressed the risk of prejudice to the defendant because, in that case, the defendants brought the motion to dismiss for the plaintiff's failure to prosecute. However, in this case, the Court will address the risk of prejudice toward Burkhart because she brought the motion to dismiss for the Mirandas' failure to prosecute their Counterclaim.

To evaluate this factor, the Court must calculate the length of delay attributable to the claimant and examine whether the delay is a result of good cause. *Id.* at ¶ 18. In assessing unreasonable delay, the relevant time period "is from the inception of the case until the filing of the motion to dismiss." *McCreadie*, 2014 Guam 19 ¶ 12.

In this matter, the beginning stages of the case proceeded normally. From the inception of the case—March 20, 2009—until the Supreme Court issued its Opinion—March 1, 2013—the Mirandas pursued their claims diligently. However, after the Supreme Court issued its Opinion, the Mirandas failed to file any substantive filings for over a decade, even though they were represented by counsel when the Supreme Court issued its Opinion and were on notice that they were living at the Property without a valid deed.

Further, the Mirandas failed to appear at any of the three Status hearings which the Court held between 2013 and 2022. The Mirandas did not offer any explanation for their absence at any of the three hearings. The Mirandas, through Roland, were served with notice for at least the 2019 Status hearing and Burkhart's Motion for Status hearing, and still did not appear at that hearing or file any filings in this matter from 2019 to 2023. Thus, a ten-year delay in the proceedings occurred in which the Mirandas failed to pursue their claims.

### i.      The Mirandas' Argument That the Trial Court Contributed to the Delay Does Not Excuse the Mirandas' Failure to Prosecute

The Mirandas argue that the Court should consider the trial court's contribution to the delay in the proceedings. Omnibus Opp'n at 6–8. Specifically, the Mirandas argue that in *United Pac. Islanders' Corp. v. Cyfred*, 2017 Guam 6, the Supreme Court of Guam "underscored the importance of considering delays caused by the trial court when evaluating the [*Santos*] factors." *Id.* at 7. The Mirandas also reference *McCreadie*, arguing that it "illustrat[es] the responsibility for delay in prosecution should not be solely imposed on the plaintiff." *Id.* To the contrary, Burkhart argues that

the Court should review *Ward v. Reyes,* 1998 Guam 1, and *Petition of Quitugua v. Flores,* 2004 Guam 19, as cases which reject arguments to blame the trial court for delays in prosecution. Reply MTD at 6–7.

### a. This Matter Is Distinguishable from *McCreadie*

In *McCreadie,* the Supreme Court of Guam found that the applicable delay in prosecution was approximately five months. *McCreadie,* 2014 Guam 19 ¶ 13. The delays in that matter were partially attributable to the fact that the matter was assigned and reassigned to a total of eight judges, and the Supreme Court noted its concern in the amount of time it took judges to decide disqualifications motions and for the case to be reassigned. *Id.* at ¶ 16. Therefore, the Supreme Court found that the first two *Santos* factors in that matter did not weigh in favor of dismissal because the judicial delay was partially responsible. *Id.*

The Court distinguishes the instant matter from *McCreadie.* First, the difference between a five-month and ten-year delay is drastic. Second, *McCreadie* specifically discussed that the trial court delays were partially the result of case reassignment and judicial delay in deciding disqualifications. Here, the matter was only reassigned once—in 2023. This reassignment played no part in the Mirandas' delay, and the Mirandas do not allege that it did. Judicial delay as a result of reassigning the instant case did not prevent the Mirandas from moving their claim forward.

### b. This Matter Is Distinguishable from *Cyfred*

In *Cyfred,* the Supreme Court found that the first two *Santos* factors favored non-dismissal despite the plaintiffs' thirty-two-month delay in prosecuting their claim. *Cyfred,* 2017 Guam 6 ¶ 28. The Supreme Court noted that two years had passed before the trial court took any action in the case even though a dispositive motion—a fully-briefed motion for summary judgment—was filed. *Id.* at ¶ 29. The court found that the delay in prosecution could not be solely attributed to the plaintiff because

"the trial court greatly contributed to the delay by violating the 'promulgated time standards for the expeditious resolution of litigation and the efficient administration of justice.'" *Id.* Specifically, the Supreme Court found that the trial court violated Supreme Court of Guam Administrative Rule ("AR") 06-001, which requires that all civil matters be completed and closed within eighteen months of filing. *Id.*

The Court distinguishes the instant matter from *Cyfred.* First, the Court again notes the important distinction between a thirty-two-month delay and a ten-year delay. Second, a critical issue in *Cyfred* is that the Supreme Court found that the trial court failed to address the defendant's fully-briefed motion for summary judgment, but in this matter, there was no motion before the Court. To the contrary, there was a remanded question, which the Supreme Court of Guam stated *may* result in both parties continuing to "possess avenues in which to obtain the relief they seek." *Burkhart,* 2013 Guam 2 ¶ 24. Therefore, in this matter, the trial court was not in a position, without further arguments or action from the parties, to determine the ultimate issues of the case—who owned the Property. Because those arguments never came, the trial court in this matter was in a very different position than the *Cyfred* court, which was privy to a fully-briefed dispositive motion.

Additionally, the Court distinguishes this matter from *Cyfred* regarding the Supreme Court's language that the trial court in *Cyfred* violated AR06-001. According to the Supreme Court, AR06-001 "requires that all civil matters be completed and closed within 18 months of filing." *Cyfred,* 2017 Guam 6 ¶ 29. However, AR13-003, which amended AR06-001 and is applicable to cases which were assigned or reassigned after September 1, 2013, states that the time standards are "aspirational goals," and decreases the number of expected cases to close in eighteen months from 100 percent to 98 percent in recognition that certain cases may be complex and therefore require additional time to close. Sup. Ct. of Guam Admin. R. 13-003 (2013).

Regardless of activity that took place after the Supreme Court issued its Opinion, this matter would have taken more than eighteen months to close. The Court notes no notable or unreasonable delays between the onset of the case—March 20, 2009—and Judge Bordallo's Judgment—June 22, 2011—yet that time lapse accounted for approximately twenty-six months. Then, from Burkhart's Amended Notice of Appeal—July 19, 2011—to the issuance of the Supreme Court's Opinion—March 1, 2013—took an additional twenty months. Therefore, the Court finds that it would be unreasonable, given the procedural history of this matter, to bar dismissal for failure to prosecute strictly due to AR06-001 or even AR13-003.

Further, it appears that the Superior Court made some effort to put this matter on its calendar. In the decade that followed the Supreme Court's Opinion, the Superior Court set three Status hearings. At least one Notice of Status Hearing and a Motion for Status Hearing were personally served on Roland, yet he failed to appear at that Status hearing or make any filings in the case. More importantly, the Mirandas were put on notice that they were living on the Property without a valid deed in 2013 when the Supreme Court issued its Opinion and while the Mirandas still had legal counsel, and for ten years they failed to address that issue. Further, the Mirandas filed a Substitution of Party on February 12, 2014, indicating that they were aware that the matter remained pending before Judge Bordallo.

### c.    The Claimant Must Vindicate Their Claims

Even if the trial Court could be held to have played some role in the delay in this matter, it is ultimately the responsibility of the parties to vindicate their own claims. *Affordable Home Builders,* 2013 Guam 12 ¶ 18 ("The onus falls on the [claimant] to move the case along.").

Further, the Supreme Court of Guam has declined in certain circumstances to find that the trial court's contribution was significant enough to bar dismissal for failure to prosecute. In *Ward,* the

Supreme Court rejected the argument that the delay was the fault of the trial court and noted that the plaintiff "fail[ed] to realize that as the Plaintiff in the action, [the plaintiff] herself had a duty to prosecute the matter . . . [the plaintiff] took no action herself to expedite resolution of the case." *Ward,* 1998 Guam 1 ¶ 23. Additionally, in *Flores,* the Supreme Court affirmed the Superior Court's dismissal for failure to prosecute because the plaintiff failed to take steps to move the case forward, even though the trial court failed to address a dispositive GRCP Rule 12(b)(6) motion for several years. *Flores,* 2004 Guam 19.

In short, the Mirandas may not sit back for a decade, knowing they are living at the Property without a deed, fail to appear at a noticed hearing, and then blame the trial court for not diligently moving their case forward.

### ii. Settlement Discussions Do Not Excuse the Mirandas' Failure to Prosecute

The Mirandas argue that the parties were engaged in settlement discussions as late as 2019, and that "implies a continued desire of both parties to seek a resolution of the dispute." Omnibus Opp'n at 8. However, Burkhart claims that she is not aware of any such settlement talks. Reply MTD at 3. Nevertheless, whether the Mirandas and Burkhart, or any other party, engaged in settlement discussions in 2019 is not an excuse for the Mirandas' delay.

While "settlement efforts may constitute excusable delay under GRCP Rule 41(b) . . . . 'the pendency of negotiations is not an excuse where the delay is unreasonably long . . . or if it continues after it is apparent that the negotiations would not be fruitful.'" *Affordable Home Builders,* 2013 Guam 12 ¶ 26 (quoting *Kawashima,* 2010 Guam 10, ¶ 16) (finding that the first *Santos* factor weighed strongly in favor of dismissal despite the fact that the parties were engaged in settlement efforts). "In short, we have previously held that delays caused by settlement negotiations do not offer compelling reasons to avoid dismissal." *Id.*

14

In this matter, the delay of ten years is unreasonably long. Moreover, the latest alleged settlement negotiations were in 2019, so the delay continued for about four additional years after an apparent realization that the negotiations would not be fruitful. Thus, any settlement discussions which may have occurred as late as 2019 do not provide good cause for the Mirandas' failure to prosecute for ten years.

In sum, the Mirandas had the burden to prove that their delay in prosecution was reasonable or had good cause. The fact that the trial court did not move the case along for the parties is not good cause for the Mirandas to not prosecute their claim. Additionally, alleged settlement discussions as late as 2019 do not excuse the Mirandas from pursuing their claim. Therefore, the Mirandas failed to meet their burden in demonstrating good cause, and the Court finds that the ten-year delay in prosecuting their claims was unreasonable. Thus, the first two *Santos* factors—the public's interest in expeditious resolution of litigation and the court's need to manage its docket—weigh strongly in favor of dismissal.

### B.    *Santos* Factor # 3: The Risk of Prejudice to the Moving Party

The Mirandas argue that the third *Santos* factor—the risk of prejudice to Burkhart—weighs in favor of non-dismissal because both Burkhart and the Mirandas are equally affected by the delay, which indicates mutual prejudice. Omnibus Opp'n at 9. To the contrary, Burkhart argues that she is more prejudiced than the Mirandas because the question on remand—whether Jesusa and Roland made an agreement to transfer the Property—can be best answered by Roland and Jesusa, but, Jesusa, Burkhart's key witness, has died and Roland is still alive to testify. Reply MTD at 8–9. Burkhart also argues that the Mirandas' theory that mutual prejudice favors non-dismissal is conceptually flawed, illustrating that under the Mirandas' theory, if a case slipped through the cracks for fifty years and all relevant evidence was lost, the court could never dismiss either the complaint or counterclaim for

failure to prosecute. *Id.* at 8.

If a delay is determined to be unreasonable, then a rebuttable presumption exists that the moving party is prejudiced by the delay, in part, because a long delay "exacerbates the ability to recall support for its case." *Cyfred,* 2017 Guam 6 ¶¶ 30–31.

In this matter, because a ten-year delay is unreasonable, prejudice is presumed. The Mirandas' argument that both parties are prejudiced does not rebut that presumption. First, the Mirandas have not cited to any authority to indicate that prejudice which exists for both opposing parties negates one another. Second, the Court agrees with Burkhart's argument that the theory is conceptually flawed, and the Court declines to hold that when one party fails to prosecute their claim, that indefinitely relieves the opposing party from failing to prosecute their opposing claim.

Third, the Court notes that Burkhart states that Jesusa died on December 7, 2022, and filed a Legacy.com obituary. Exhibit A to Reply MTD (Jan. 22, 2024).[9] Further, at the Motion hearing, Attorney Arriola asked whether Jesusa was still alive, and both Attorney Walsh and Attorney Forman stated that Jesusa had passed away. Min. Entry, 10:28 AM (March 7, 2024). The Court agrees that Jesusa's death prejudices Burkhart. The Court also notes that because Jesusa died in 2022, ample time existed after the Supreme Court's Opinion in 2013 for the parties to prosecute their claims with the benefit of her presence.

Therefore, the Court finds that the third *Santos* factor—the risk of prejudice to the moving party—weighs strongly in favor of dismissal.

C.     ***Santos* Factor # 4: The Public Policy Favoring Disposition of Cases on Their Merits**

Public policy favors disposing of cases on their merits rather than premature dismissal of

---

[9] Burkhart references the obituary as Exhibit A in her Reply MTD. However, Burkhart did not attach an exhibit to her Reply MTD. Instead, on January 22, 2024, Burkhart filed Exhibit A to Reply MTD.

cases. *McCreadie,* 2014 Guam ¶ 21. However, "this factor should not be used defensively as a shield by a passive [claimant] who has failed in his obligation to prosecute . . . with the vigor expected of a [claimant]." *Id.* "This factor should be weighed against the first two factors to determine whether the policy of disposing of cases on their merits justified the delay. *Id.*

In this matter, the Mirandas have been a passive claimant who have failed to prosecute with the vigor expected of a claimant. Weighing the unjustified ten-year delay against the preference to hear a case on its merits, the Court finds that the fourth *Santos* factor weighs slightly in favor of dismissal.

### D. *Santos* Factor # 5: Availability of Less Drastic Sanctions

"Dismissal for failure to prosecute is considered a harsh sanction, only to be used in extreme circumstances . . . . In part, dismissal under Rule 41(b) is considered harsh or drastic because it 'operates as an adjudication on the merits.'" *Affordable Home Builders,* 2013 Guam 12 ¶ 47 (quoting GRCP Rule 41(b)). However, "the trial court is not required to impose lesser sanctions, when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." *Id.* at ¶ 48 (internal citations omitted). "A trial court is not required to examine every single alternate remedy in deciding if sanction of dismissal is appropriate." *Id.*

The Mirandas argue that other sanctions, such as continuing the proceedings or conducting hearings as mandated by the Supreme Court, are less drastic sanctions which the Court should consider instead of dismissing the Counterclaim. Omnibus Opp'n at 10. However, it is not clear how proceeding in this matter on the original pleadings, with Burkhart as a party, is a sanction to the Mirandas. The Court is not aware of any less drastic sanctions which would properly account for the Mirandas' ten-year delay in prosecuting this matter. Consequently, the Court finds that the fifth *Santos* factor also weighs slightly in favor of dismissal.

Because the *Santos* factors weigh in favor of dismissal, the Court shall dismiss the Mirandas' Counterclaim without prejudice. *See Guam Housing and Urban Renewal Authority (GHURA) v. Dongbu Insurance Co., Ltd.*, 2002 Guam 3 ¶ 11 ("[D]ismissal for failure to prosecute may be granted either with or without prejudice.").

## 2. The Court Dismisses Burkhart's Complaint for Failure to Prosecute

Burkhart notes that any argument which favors dismissing the Mirandas' Counterclaim for failure to prosecute would apply equally to dismiss Burkhart's Complaint for failure to prosecute. MTD at 4. Burkhart states her non-objection to a mutual dismissal of both her Complaint and the Mirandas' Counterclaim. *Id.*

Although none of the parties move the Court to dismiss Burkhart's Complaint, the Court may exercise its inherent authority *sua sponte* dismiss a complaint for failure to prosecute. *See Reyes v. First Net Ins. Co.*, 2009 Guam 17 ¶ 12 (stating that the power to dismiss a matter under Rule 41(b) "is inherent in the court and may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases.").

The Court agrees that, for the same reasons that the Mirandas failed to prosecute their claims, Burkhart also failed to prosecute her claim by failing to move this matter for ten years. In fact, the Court informed Burkhart various times that the parties needed to file any relevant motions in this matter, but Burkhart never did. Burkhart's ten-year delay was unreasonable and without good cause; caused a presumption of prejudice toward the Mirandas which Burkhart has not attempted to rebut; and outweighs any public policy to hear a matter on its merits. Therefore, the Court dismisses Burkhart's Complaint for failure to prosecute without prejudice.

## 3. Burkhart's Motion to Substitute Is Moot

In her Motion to Substitute, Burkhart argues that she no longer has an interest in the Property

because she has sold it, and that Deal Estate is the successor and the real party in interest. Motion to Substitute at 1–2. However, Burkhart acknowledges that granting either her Motion to Dismiss or Motion to Substitute would render the other motion moot. MTD at 2. Because the Court now dismisses Burkhart's Complaint and the Mirandas' Counterclaim, it is not necessary to address Burkhart's Motion to Substitute.

### 4. The Court Denies Deal Estate's Motion for Judgment on the Pleadings

Deal Estate moved for judgment on the pleadings pursuant to GRCP Rule 12(c) as to its first and second causes of action—quiet title and declaratory judgment that Deal Estate owns the Property free and clear of all liens, claims of interest, and encumbrances, in fee simple, and that it is a bona fide purchaser of the Property, for value. MJP at 5. Deal Estate argues that "the Mirandas cannot as a matter of law assert any claims or defenses that would support their prayer for quiet title as their claims are barred by the statute of limitations." *Id.*

GRCP Rule 12(c) permits a party to move for judgment on the pleadings after the pleadings have closed. While reviewing a motion for judgment on the pleadings, the Court must accept all allegations of the non-moving party as true and construe the factual allegations in the light most favorable to the non-moving party. *G.B. v. Government of Guam*, No. 20-00048, 2022 WL 2793062, at *1 (D. Guam App. Div. July 15, 2022) (citing *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "'Judgment on the pleadings is properly granted when, accepting all factual allegations as true, there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)).

Additionally, "a plaintiff is not entitled to judgment on the pleadings if the defendant's answer raises issues of fact or affirmative defenses." *Guam Waterworks Authority v. Badger Meter, Inc.*, No.

19

20-00032, 2022 WL 892223, at *2[10] (denying the plaintiff's judgment on the pleadings because the defendant raised affirmative defenses to the plaintiff's claim); *see also Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1159 (9th Cir. 2015) ("[U]nder Federal Rule of Civil Procedure 12(c), a plaintiff is not entitled to judgment on the pleadings if the defendant's answer raises issues of fact or affirmative defenses"). To the contrary, if a defendant does not raise any issue of fact or affirmative defense which may defeat recovery if proven, a court may grant judgment on the pleadings in favor of a plaintiff. *Doe v. City of San Diego*, 313 F.Supp.3d 1212, 1216–17 (S.D. Cal. 2018) (stating that typically, if a defendant raises an affirmative defense in their answer, that bars the plaintiff from succeeding on a motion for judgment on the pleadings unless none of the affirmative defenses, if proven, would defeat recovery).

Deal Estate contends judgment on the pleadings is appropriate because the Mirandas' are barred from bringing a claim for quiet title. *See* MJP at 8. The Court notes that, although the Mirandas' answer includes a prayer for relief, the Mirandas have not brought a counterclaim against Deal Estate. *See generally* Answer to Deal Estate's Complaint. Further, the Mirandas have raised affirmative defenses to Deal Estate's Complaint. Defenses are not generally subject to preclusion due to the statute of limitations. *City of St. Paul, Alaska v. Evans*, 244 F.3d 1029, 1033 (9th Cir. 2003) ("[A] statute of limitations should be used only as a shield, not a sword. Indeed, courts generally allow defendants to raise defenses that, if raised as claims, would be time-barred.").

As stated, Deal Estate's prayer for relief against the Mirandas include (1) Quiet Title to the

---

[10] The court in *Badger Meter* was interpreting Federal Rules of Civil Procedure ("FRCP") 12(c) which provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Federal case law which interprets the FRCP is persuasive when interpreting the GRCP. *Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Estate*, 2018 Guam 4 ¶ 9 (". . . because the Guam Rules of Civil Procedure are generally derived from, although not identical to, the [FRCP], federal decisions that construe the federal counterparts to the Guam Rules of Civil procedure are persuasive authority.").

Property and (2) Declaratory Judgment that Deal Estate owns the Property, "free and clear of all liens, claims of interest, and encumbrances, in fee simple, and that it is a bona fide purchaser of the Property, for value." Deal Estate's Complaint at 7. The Mirandas' Verified Answer to Deal Estate's Complaint raises ten affirmative defenses: (1) Deal Estate is not a bona fide purchaser for value; (2) Mirandas hold equitable title to the Property; (3) Deal Estate operated with unclean hands; (4) Deal Estate's claims are barred by statute of frauds; (5) Deal Estate lacks the appropriate licenses to assert its claims; (6) Deal Estate's corporate form and operations are deficient and prevent it from asserting its claims; (7) Deal Estate's corporate form and operations are deficient and warrant piercing the corporate veil; (8) Deal Estate has failed to mitigate damages; (9) Deal Estate has waived its claims; and (10) damages may be barred by the doctrine of assumption of risk.

Deal Estate did not specifically argue whether each of the aforementioned affirmative defenses, if proven, would be unable to defeat its recovery. For example, Deal Estate did not address whether, if the Mirandas proved their first affirmative defense—that Deal Estate is not a bona fide purchase—that would bar Deal Estate from recovery. Nevertheless, Deal Estate prayed for declaratory judgment that they are a bona fide purchaser. Because the parties have not yet argued their positions regarding whether Deal Estate is a bona fide purchaser or what effect that has on the ultimate question of land ownership, the Court is not in a position to dispose of this matter. Because the Mirandas' first affirmative defense prevents the Court from entering judgment on the pleadings, the Court need not analyze the remainder of the Mirandas' affirmative defenses.

Even if the Mirandas may face statute of limitations issues, the Court must still diligently analyze whether Deal Estate can succeed on its claims for quiet title and declaratory relief, including any defenses that the Mirandas raise to Deal Estate's Complaint. Therefore, Deal Estate's Motion for Judgment on the Pleadings is denied.

## CONCLUSION

For the foregoing reasons, Burkhart's Complaint is **DISMISSED without prejudice**; the Mirandas' Counterclaim is **DISMISSED without prejudice**; Deal Estate's Motion for Judgment on the Pleadings is **DENIED**; and Burkhart's Motion to Substitute is **DENIED as moot**. A Status hearing shall be held on **July 16, 2024 at 10:30 a.m.**

SO ORDERED: ___JUN 18 2024___

HONORABLE DANA A. GUTIERREZ
Judge, Superior Court of Guam